Librado A. GONZALEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 39191.

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

Sam J. Dwyer, Jr., El Paso, for appellant.

Jack N. Fant, County Atty., Norman C. Peyton, Asst. County Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is driving while intoxicated; the punishment confinement in jail for three days and a fine of $50.00.

The evidence reflects that Richard McAlpine, at about 8:30 p. m. on the evening of May 27, 1961, heard an unusual noise outside the house where he was visiting. He ran out to the street where he noticed that an automobile had been side-swiped, and he saw another vehicle driving slowly away. McAlpine then got into his car and followed the other automobile until it stopped. The driver of the other vehicle, which McAlpine identified as appellant, got out of his car and had a brief conversation with the witness, at which time McAlpine informed him of the accident. McAlpine testified that appellant smelled of alcoholic beverage, that he was unsteady in his walk, and that "he was a little bit incoherent." In the opinion of the witness, appellant was intoxicated.

The incident was investigated by Officer Bernard Deragowski of the El Paso Police Department, who testified that appellant smelled of alcohol, that he was staggering, and that "his manner of talk was smart," and that, in the opinion of that officer, appellant was drunk.

Officer Alfredo Bonilla also assisted in the arrest of appellant, and testified as to appellant's condition:

> "He had a strong odor of alcohol on his breath and about his person and he staggered when he walked, as a matter of fact when he got to the car he was more or less having to lean on the vehicle to keep control of himself."

Officer Bonilla expressed the opinion that appellant was intoxicated.

There was paint on the bumper of appellant's automobile which matched the color of the automobile that had been side-swiped. Testimony reveals that the scene of this incident was a public road in the city of El Paso County, Texas.

Appellant testified in his own behalf and stated that he had drunk only two drinks of bourbon at a wedding celebration; that, as a result of a World War II injury, he always staggered when he walked; and that he was not intoxicated.

Appellant challenges the sufficiency of the evidence, contending that there is no proof that he was operating an automobile. We find abundant testimony in the statement of facts to the effect that appellant was the driver of the vehicle involved in the accident. The witness McAlpine testified:

> "* * * and as I approached about the middle of the block here between Aurora and Lebanon, I saw him turned around, come back and stop. I proceeded on and stopped on the side— the opposite of the street and informed him that he had hit a car and should go back to the scene of the accident."

Q: "Now did you have an opportunity to see the driver of that car that made a U turn and came back and parked?"

A: "Yes, I did."

Q: "Is he present today?"

A: "Yes."

Q: "Would you point him out?"

A: "Sitting right over there." (pointing to appellant)

And on cross-examination:

Q: "All right, so when you drove up, as you testified Mr. Gonzalez was still in sight and was coming south on Raynor, you were going North on Raynor, I believe, after turning left on Aurora Street and Raynor?"

A: "Yes."

Q: "All right, now, as you came up there did he have his lights, his head lights on?"

A: "Yes, sir, he did."

Q: "You had your head lights on?"

A: "Yes, sir."

Q: "All right, and you observed him driving?"

A: "That he was the only one in the car."

Q: "Well, did you observe him driving, or do you just presume he was behind the wheel?"

A: "Well, I couldn't actually see him behind the wheel, but he was the only one in the car."

When appellant was testifying he stated:

"I got real close to another automobile about two blocks before I got home, I didn't think I had hit anybody but I know that we got real close together."

\* \* \* \* \* \*

Q: "Then you admit driving the car by there?"

A: "I admit going home and I was driving the car when I was going home."

We overrule appellant's contention and find the evidence sufficient to support the verdict.

There are no formal bills of exception, and an examination of appellant's informal bills reveals no error.

The judgment is affirmed.